### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**MATTHEW COOMBS**                                                                 **PLAINTIFF**

**V.**                                                                      **CASE NO. 2:12CV102**

**UNIQUE REFINISHERS, INC.,**
**INTERCONTINENTAL HOTELLS GROUP, PLC and**
**INTERCONTINENTAL HOTELS GROUP RESOURCES, INC.**          **DEFENDANTS**

**and**

**CHAWLA HOTELS, INC.**                                    **THIRD-PARTY DEFENDANTS**

#### MEMORANDUM OPINION

Presently before the court are the motions to dismiss [55] and for summary judgment [58] of Intercontinental Hotels Group, PLC and Intercontinental Hotels Group Resources, Inc., respectively. The defendants assert that they are not subject to personal jurisdiction in this district. Matthew Coombs filed an untimely affidavit in opposition. Upon due consideration, the court is prepared to rule.

The facts, as set forth in the complaint, are as follows. Matthew Coombs, a Florida resident, lived and worked as a hotel manager at a Holiday Inn Express hotel in Greenville, Mississippi from November 15, 2010 until his injury. Coombs alleges that shortly after he arrived at the hotel, someone cautioned him that several rooms were closed due to severe mold growth. On December 7, 2010, Coombs went to the Greenville Hospital after waking up that morning with shortness of breath.

Coombs subsequently left the hotel in Greenville for another Holiday Inn Express in Cleveland, Mississippi. Three days after his arrival, on January 4, 2011, defendant Unique Refinishers, Inc. began reglazing the bathtubs at the Cleveland hotel. Coombs alleges that the

defendants performed the glazing without proper safety precautions and failed to provide proper ventilation.

Coombs fell ill on January 12, 2011, and went to the emergency room in Cleveland, Mississippi, from which Coombs was airlifted to the Intensive Care Unit of St. Dominic's Hospital in Jackson, Mississippi. He went into respiratory failure and was placed on ventilation support. He was further diagnosed with pneumonia in both lungs and remained in the hospital for eight days. Upon return to his home in Tallahassee, Florida, on January 20, 2011, Coombs' primary physician diagnosed him with Allergic Bronchopulmonary Aspergillosis, which, the doctor opined was a result of his exposure to the mold and fumes in the two Mississippi hotels.

Intercontinental Hotels Group, PLC, Intercontinental Hotels Group Resources, Inc., are franchisor and licensor to Chawla Hotels, Inc., the owner of the subject hotels. As such, Coombs filed claims of negligence and gross negligence in the Southern District of New York against each of these defendants as well as the glazing company. This case having been transferred to this district, Coombs has not amended his complaint asserting the jursidiction of this court. Chawla does not contest this court's jurisdiction.

Intercontinental Hotels Group, PLC, is an entity formed in the United Kingdom, where also lies its principal place of business. Intercontinental Hotels Group Resources, Inc., is incorporated in Delaware and has its principal place of business in Atlanta, GA. These entities are, for the most part, treated in the complaint as a single entity, "Intercontinental".

Thus, Coombs alleges that Intercontinental exercised supervision and control over the hotels and conducted periodic quality inspection. Intercontinental further required Chawla Properties to perform the bathtub reglazing after an inspection of the property. The complaint further alleges that

Intercontinental had notice of the mold conditions from previous inspections of the property as well as the hotel's records containing reference to the mold. Coombs further alleges that emails sent to Intercontinental from guests who stayed at the hotel evince such notice.

The plaintiff bears the burden of establishing the district court's jurisdiction. *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1270 (5th Cir. 1993). Where, as here, the district court does not conduct an evidentiary hearing on a motion to dismiss, the party seeking to assert jurisdiction is required only to present sufficient facts to make out a *prima facie* case supporting jurisdiction. *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)(citations omitted). "The prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). Further, the Fifth Circuit has noted that the court is not required to draw farfetched inferences. *Id*. (citations omitted).

A court sitting in diversity conducts a two-prong inquiry to determine if personal jurisdiction is proper over a nonresident. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000). The first inquiry is whether the Mississippi long-arm statute of the forum state, Mississippi, confers personal jurisdiction over the defendant. *Id*. The second is whether the exercise of such jurisdiction comports with due process under the United States Constitution. *Id*.

Mississippi's long-arm statute provides:

> Any nonresident person, firm, general or limited partnership, or any
> foreign or other corporation not qualified under the Constitution and
> laws of this state as to doing business herein, who shall make a
> contract with a resident of this state to be performed in whole or in
> part by any party in this state, or who shall commit a tort in whole or
> in part in this state against a resident or nonresident of this state, or
> who shall do any business or perform any character of work or
> service in this state, shall by such act or acts be deemed to be doing
> business in Mississippi and shall thereby be subjected to the
> jurisdiction of the courts of this state.

Miss. Code. § 13-3-57. A nonresident plaintiff may utilize neither the contract nor doing-business

provisions of the statute. *Submersible Sys., Inc. v. Perforadora C., S.A. de C.V.*, 249 F.3d 413, 418

(5th Cir. 2001). Therefore, Coombs, a Florida resident, may only invoke the tort provision.

"In construing the tort-prong of Mississippi's long-arm statute, the Mississippi Supreme

Court has held that personal jurisdiction over a defendant who allegedly committed a tort is proper

if any of the elements of the tort-or any part of an element-takes place in Mississippi." *Jobe v. ATR*

*Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996)(citing *Smith v. Temco, Inc.*, 252 So.2d 212 (Miss.

1971)). "Although the specific elements of a particular tort will vary, the conventional tort elements

in a negligence action are duty, breach of duty, proximate causation and injury. A tort is complete

when, and personal jurisdiction lies where, the actual injury occurs." *Id.* (citations omitted).

Coombs alleges in his complaint that Intercontinental exercised supervision and control over

the subject properties through periodic inspections, that Intercontinental received notice of the

hazardous conditions through guest e-mails and inspection of hotel records, that Intercontinental

owed common law duties to, among other things, properly maintain the hotels and make necessary

repairs thereto in light of complaints provided by guests, employees, and Coombs. Further, the

complaint sets out that defendants failed to exercise reasonable care and that their negligence was

a cause of Coombs' injuries. The court nearly views these allegations as a threadbare recital of elements, the greatest specificity of which regards the notice given to Intercontinental through guest e-mails and "periodic inspections".

As these allegations relate to Intercontinental, the court finds that Coombs' treatment of Intercontinental Hotels Group, PLC, and Intercontinental Hotels Group Resources, Inc. as a single entity renders the assertions conclusory such that this court need not accept them for purposes of the present jurisdictional issue. The court declines to credit the assertion, without greater specificity, that representatives from both the Georgia subsidiary as well as the United Kingdom parent company periodically inspected the Mississippi hotels in question. Coombs does not specify how frequent these visits were or what representatives were present.

The complaint states that Intercontinental Hotels Group, PLC, incorporated in the United Kingdom, owns the Holiday Inn Express chain of hotels operating throughout the United States. Intercontinental Hotels Group Resources, Inc., is a subsidiary of the United Kingdom parent company. These allegations are the only portions of the complaint that mention the two entities individually.

Thus, it appears that Coombs seeks to pierce the corporate veil by treating the parent company and its subsidiary as a single entity. Judge Bramlette, sitting in the Southern District of Mississippi, came to the same conclusion under the Mississippi long-arm statute analysis in which a plaintiff alleged that the parent company had committed a tort "through its subsidiary." *Lifeline Ambul. Services, Inc. v. Laidlaw, Inc.*, 16 F. Supp. 2d 686, 689 (S.D. Miss. 1998). While Coombs has not explicitly alleged action of a parent company "through a subsidiary", the parent corporation is mentioned by name individually only in asserting its ownership over the hotels and stating its

parent-subsidiary relationship with the Georgia corporation.

The court, therefore, turns to a discussion of relevant law governing corporations as it relates to the jurisdictional question before the court. "A basic premise of corporate law, both in Mississippi and throughout the nation, is that a corporation possesses a separate identity from its shareholders, whether such shareholders are individuals or corporations." *N. Am. Plastics, Inc. v. Inland Shoe Mfg. Co., Inc.*, 592 F. Supp. 875, 877 (N.D. Miss. 1984). "To find the parent liable for the acts of the subsidiary, it must be shown that there is control by the parent to such a degree that the subsidiary has become a mere alter ego or instrumentality." *FMC Fin. Corp. v. Murphree*, 632 F.2d 413, 422 (5th Cir. 1980)(quotations and citations omitted).

The Fifth Circuit follows several factors to be used in determining whether a subsidiary is the alter ego of its parent. It includes:

> (1) the parent and the subsidiary have common stock ownership; (2) the parent and the subsidiary have common directors or officers; (3) the parent and the subsidiary have common business departments; (4) the parent and the subsidiary file consolidated financial statements and tax returns; (5) the parent finances the subsidiary; (6) the parent caused the incorporation of the subsidiary; (7) the subsidiary operates with grossly inadequate capital; (8) the parent pays the salaries and other expenses of the subsidiary; (9) the subsidiary receives no business except that given to it by the parent; (10) the parent uses the subsidiary's property as its own; (11) the daily operations of the two corporations are not kept separate; and (12) the subsidiary does not observe the basic corporate formalities, such as keeping separate books and records and holding shareholder and board meetings.

*U.S. v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 691-92 (5th Cir. 1985). Using these factors for purposes of a *prima facie* case of jurisdiction, "the plaintiff must make sufficiently particularized allegations demonstrating the applicability of the piercing doctrine to the facts of the case. The determination of whether a corporation constitutes an instrumentality is inherently factual..." *Inland*

*Shoe,* 592 F.Supp. at 879. "Absent a sufficient allegation of particularized facts, judicial economy requires that the corporate veil should not be preliminarily pierced for long-arm jurisdiction on the mere unsubstantiated allegations in the pleadings." *Id.*

As previously discussed, the only basis provided in the complaint for piercing the corporate veil is the mere mention of the parent-subsidiary relationship itself. The complaint is utterly lacking in specificity with regard to the relationship between these corporations and the actions they took. Further, the complaint is lacking in specificity regarding the relationship between Intercontinental and the hotel in question (i.e. Intercontinental "exercised supervision and control over the Holiday Inn Express in Greenville, and over other franchisees/licensees, in that it conducted periodic inspections of the hotel...").

Coombs has provided neither authority for nor mention of the legal concerns undergirding his laundry list of defendants that would suggest that the Georgia corporation is the United Kingdom corporation's alter ego or instrumentality. The complaint is wrought with unsubstantiated, conclusory allegations lacking in sufficient particularity for the corporate veil to be pierced for long-arm jurisdiction.

Out of an abundance of caution, however, the court now turns to the constitutional prong of the personal jurisdiction analysis. Due process requires that a nonresident defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Intl. Shoe Co. v. State of Wash., Off. of Unempl. Compen. and Placement*, 326 U.S. 310, 316 (1945). Such jurisdiction may be general or specific.

General jurisdiction may be exercised over a foreign corporation when its "affiliations with

the State are so continuous and systematic as to render them essentially at home in the forum state."

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011).

"The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts

between a defendant and a forum." *Johnston v. Multidata Sys. Intern. Corp.,* 523 F.3d 602, 609 (5th

Cir. 2008). Specific jurisdiction, on the other hand, may be exercised where the corporation

performs "some act by which the defendant purposefully availed itself of the privilege of conducting

activities within the forum State, thus invoking the benefits and protections of its laws." *Goodyear*,

131 S.Ct.at 2854. (citations omitted).

However, in a similar vein as the court's previous corporate analysis, *supra*, the court need

not address general and specific jurisdiction. "Courts have long presumed the institutional

independence of related corporations, such as parent and subsidiary, when determining if one

corporation's contacts with a forum can be the basis of a related corporation's contacts." *Dickson*

*Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999). This presumption may be

overcome by "clear evidence" of "one corporation asserting sufficient control to make the other its

agent or alter ego." *Id.* (citations omitted).

While the law presumes corporate separateness, Coombs appears to presume corporate unity,

and has made no showing to support an alter ego identity between the entities. As previously stated,

ownership and periodic inspections are the basis on which Coombs asserts negligence claims against

Intercontinental. However, even "one-hundred percent ownership and identity of directors and

officers are, even together, an insufficient basis for applying the alter ego theory to pierce the

corporate veil." *U.S.v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 691 (5th Cir. 1985). Thus, his

allegations clearly fall short of the standards required to assert jurisdiction in this cause over

8

Intercontinental Hotels Group, PLC.  The motion to dismiss, therefore, will be granted.

The court now turns to the motion for summary judgment by Intercontinental Hotels Group Resources, Inc., the Georgia corporation.  Intercontinental has provided an affidavit as well as a license agreement demonstrating that Chawla is the licensee of Holiday Hospitality Franchising ("HHF").  The agreement bears no mention of Intercontinental.  In response, Coombs does not contest the authenticity of the agreement, arguing instead that HHF as licensor is supposed to ensure high safety standards at the subject motels. However, Coombs asserts that the defendants, of whom HHF, the licensor, is not one, failed to ensure that these high standards were met.  Coombs maintains, upon information and belief, that HHF is a subsidiary of Intercontinental.

Rule 56 permits summary judgment where the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Burfield v. Brown, Moore & Flint, Inc.*, 51 F.3d 583, 588 (5th Cir. 1995). When ruling on a summary judgment motion, the court must construe the facts in the light most favorable to the nonmoving party and "refrain from making credibility determinations or weighing the evidence." *Coury v. Moss,* 529 F.3d 579, 584 (5th Cir. 2008).  "The party seeking summary disposition must demonstrate the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law." *Union Planters Nat. Leasing, Inc. v. Woods*, 687 F.2d 117, 119 (5th Cir. 1985). The nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but rather must show that there is an actual controversy warranting trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).

"A party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). "Rule 56 does not require that any discovery take place before summary judgment can be granted." *Baker v. American Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005)(citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990)). A nonmovant may show by affidavit that it cannot present facts essential to justify its opposition, under which circumstances the court may defer or deny the motion for summary judgment. Fed. R. Civ. P. 56(d). However, the rule, by its plain language, requires the nonmovant to provide specified reasons for its inability to present opposing facts. *Id.*

Coombs states in his affidavit that "on information and belief, I will be able to show after discovery that both defendants are properly named in this action due to their supervision and control of the Holiday Inn Express Motels where I was injured. I request, therefore, that this Court deny the motions as premature." Coombs' argument is wholly lacking in specificity. For this reason, as well as those that follow, the court will rule on the motion for summary judgment at this juncture.

Intercontinental moves for summary judgment, arguing that it did not have any right to exercise control or supervision over the subject motels as shown in the license agreement. Coombs contends that "the failure to exercise proper supervision and control of the Holiday Inn Express motels where I was injured is attributable to the aforesaid defendants." In Coombs' response to the motion for summary judgment, he concedes that HHF, the licensor, is charged with ensuring that high standards are maintained at the hotels. However, he seeks to hold the defendants liable for failing to maintain these standards, which, he concedes is HHF's responsibility.

Coombs's contention that HHF is a subsidiary of Intercontinental Hotels Group Resources, Inc. poses the same problem present in the court's previous analysis based on Coombs' contention

that Intercontinental Group Resources, Inc. is a subsidiary of Intercontinental Hotels Group, PLC.

In short, Coombs has not come forth with any evidence to dispute the present motion, and he has

failed to assert any theory or particularized factual allegations on which Coombs' injury can be

attributed to Intercontinental. Therefore, the court adopts its previous analysis with regard to

parent/subsidiary liability in granting the motion for summary judgment.

In light of the foregoing, Intercontinental Hotels Group, PLC's motion to dismiss for lack

of personal jurisdiction [55] is GRANTED. Intercontinental Hotels Group Resources, Inc.'s motion

for summary judgment is GRANTED. The motion [73] to strike Coombs' untimely affidavit is

DENIED. These parties will be dismissed from this action, and a separate judgment shall issue

accordingly.

SO ORDERED, this the 27th day of March, 2013.


**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**